In re Warren ENSMINGER, Debtor,

In re Kenneth ENSMINGER, Debtor,

**STATE GUARANTY BANK OF OKEENE, Plaintiff,**

v.

**Kenneth ENSMINGER, Defendant,**

**Warren Ensminger, Defendant.**

**Bankruptcy Nos. BK–83–02390, BK–83–03523.
Adv. Nos. 84–294, 84–295.**

United States Bankruptcy Court, W.D. Oklahoma.

Sept. 7, 1984.

Brad Burgess of Jack T. Crabtree and Associates, P.C., Oklahoma City, Okl., for State Guaranty Bank of Okeene.

Kenneth L. Spears, Oklahoma City, Okl., for Kenneth Ensminger and Warren Ensminger.

## MEMORANDUM DECISION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

These adversary complaints have been consolidated solely for purposes of this order.

On December 22, 1983, defendant, Kenneth Ensminger, filed his petition in bankruptcy. The first meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for February 7, 1984. The last day for filing an objection to discharge pursuant to 11 U.S.C. § 523(c) or § 727 was April 7, 1984.

On September 6, 1983, defendant, Warren Ensminger, filed his petition in bankruptcy. The first meeting of creditors pursuant to 11 U.S.C. § 341 was scheduled for December 6, 1984. The last day for filing an objection to discharge pursuant to 11 U.S.C. § 523(c) or § 727 was February 6, 1984.

During the early months of 1984, discussions were entered into between these defendants and the plaintiff herein in attempt to negotiate a reaffirmation agreement concerning respective defendants' debts with the plaintiff.

On or about March 20, 1984, the defendants informed the plaintiff of their intention not to reaffirm their debts with the plaintiff.

On May 9, 1984, the plaintiff filed these adversary complaints objecting to the defendants' discharge, pursuant to 11 U.S.C. §§ 523 and 727.

On May 14, 1984, the Bankruptcy Court Clerk issued a Notice to New Creditors advising that June 13, 1984, was fixed as the last day for filing of objections to the discharge of the defendants. This new notice was issued owing to the defendants having amended their respective schedules.

The defendants, on June 8, 1984, filed their motions to dismiss for plaintiff's failure to timely file its adversary complaints.

On June 13, 1984, plaintiff filed its motion for extension of time within which to file its complaints.

The plaintiff has alleged that it was materially mislead by the defendants into believing that they had every intention of reaffirming their respective debts. That owing to such representations, the plaintiff did not timely file the instant complaints. That such action on the part of the plaintiff constitutes excusable neglect and as such the Court may extend the time period for objection to discharge pursuant to Fed.R. Civ.P. 6(b).

Fed.R.Bankr.P. 4007(c) controls the time frame involved in filing an adversary complaint objecting to the dischargeability of a debt. It provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code *shall be filed* not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." (emphasis supplied). However, the Court has the discretion, upon motion of any party in interest, to extend the time period. The sole restriction is that the motion "shall be made before the time has expired." *Id.*

Fed.R.Bankr.P. 4004(a) controls the filing of a complaint objecting to a debtor's discharge pursuant to 11 U.S.C. § 727. Bankr.R. 4004(a) states that "[a] complaint objecting to the debtor's discharge under § 727(a) of the Code *shall be filed* not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." (emphasis supplied). Again, the Court has the discretion, upon motion of a party in interest, to extend the time period, but only if the motion was made before such time has expired. Bankr.R. 4004(b).

Fed.R.Civ.P. 6(b) provides that a court, in its discretion, may upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect. The adoption in bankruptcy of Rule 6(b) is Fed.R.Bankr.P. 9006. It governs the time for acts to be done and proceedings to be had in cases under the Code and any litiga-

tion arising therein. *See* Bankr.R. 9006 advisory committee note. While the Court may enlarge the time for taking action under Bankr.R. 4004(a) and 4007(c), such enlargement may be "only to the extent and under the conditions stated in those rules." Bankr.R. 9006(b)(3).

In its adversary complaints, the plaintiff makes various allegations against the defendants which, if true, demonstrates conduct which does considerable violence to the spirit and purpose of the Bankruptcy Code. Plaintiff argues that these actions, coupled with what plaintiff alleges are deliberate misleading actions taken by the defendants with respect to the aforementioned reaffirmation agreements, should convince this Court that the period for objecting to discharge pursuant to §§ 523(c) and 727(a) be extended.

■ We cannot agree. While we may sympathize with plaintiff's predicament, we cannot avoid the mandatory language of Bankr.R. 4004(a) and 4007(c). While enlargement for excusable neglect is permitted pursuant to Bankr.R. 9006(b)(1), it is expressly limited pursuant to Bankr.R. 9006(b)(3). The specific controls over the general. At a minimum plaintiff should have filed a motion for extension within the specified time period as a precautionary measure so as to be protected in the event negotiations went sour. Even if we were to find the excusable neglect standard applicable, we question whether the plaintiff has met the standard. Failure to file within the specified time must be due to something more than ordinary negligence; it must be something that would have been prevented by diligence. *In re Figueroa*, 33 B.R. 298 (Bankr.S.D.N.Y.1983) (Court refused to allow a motion to file a complaint out of time against a debtor who went on a "classic 'credit card spending spree' on the eve of bankruptcy."). Rather, it would be an abuse of this Court's discretion to reach any conclusion other than a requirement that a motion be filed prior to the expiration of the time limitations set out in Rules 4004(a) and 4007(c). In fact, courts have "no discretion in [such] matters." *In re*

*Lane*, 37 B.R. 410, 414 (Bankr.E.D.Va. 1984).

Plaintiff has also posited that, pursuant to the Court Clerk's mailing of notice to new creditors, June 13, 1984, was the last day for filing of objections and that plaintiff filed its motion for extension prior to such time. Plaintiff persuasively argues that this new notice occurred as a result of plaintiff's Bankr.Rule 2004 examination of the defendants, the information gleaned causing the defendants to amend their respective schedules. *A fortiori*, plaintiff should benefit from the June 13 date.

■ Once again we cannot agree. As the notice itself clearly indicates, the June 13, 1984 objection date was for the benefit of *new* creditors. To accept the plaintiff's argument on this point would subject a court to endless quantitative measurements in seeking to determine the benefit derived from such actions. Further, as with the motion for extension, a 2004 examination could have been held prior to the original bar date.

Finally, plaintiff alleges that the acts committed by the defendants constitute mistake, surprise, fraud and misrepresentation. As such, plaintiff urges that it be accorded relief pursuant to Fed.R.Civ.P. 60(b).

■ Rule 60 Fed.R.Civ.P. is incorporated in bankruptcy pursuant to Fed.R. Bankr.P. 9024. The language of Rule 60(b) is clear. The rule relates solely to *final* judgments, orders or proceedings. As the matter is presently framed, reliance on Rule 60(b) is premature. No final judgment or order has been entered. Assuming, *arguendo*, that the matter was ripe for Rule 60(b) discussion, it is clear that a motion for relief from a judgment under Rule 60(b) is addressed to the discretion of the Court. *See generally* 11 Wright and Miller, *Federal Practice and Procedure*, § 2857 (1969). We have already noted the mandatory language of Fed.R.Bankr.P. 4004(a) and 4007(c). We have grave doubts whether these rules permit us any discretion in cases such as this.

Accordingly, for the foregoing reasons, the respective motions to dismiss filed by the defendants shall be and hereby are, granted. Appropriate judgments shall be entered.

Pursuant to B.R. 7052, this memorandum constitutes our findings of fact and conclusions of law.