**In re Bill G. SCHONES, Debtor.**

**Bankruptcy No. Bk–84–0091–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 28, 1984.

James M. Chaney and Thomas P. Goresen, Kirk & Chaney, Oklahoma City, Okl., for Southwestern Drilling Co. and Southwestern Drilling Management Co.

Mark E. Bialick of Durgin, Larimore & Bialick, Oklahoma City, Okl., for debtor.

Lee Ann Wilson, Oklahoma City, Okl., pro se trustee.

Daniel Power of Eagleton, Nicholson, Jones, Blaney & Pringle, Oklahoma City, Okl., for Commerce Bank.

### MEMORANDUM DECISION

RICHARD L. BOHANON, Bankruptcy Judge.

Two creditors in this case, Southwestern Drilling Company and Southwestern Drilling Management Company, have moved to postpone the debtor's discharge for consideration of whether they moved timely to complain concerning dischargeability of their debt.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure allows that a complaint pursuant to 11 U.S.C. § 523(c) must be filed not later than 60 days following the first date set for the meeting of creditors. It continues to say that the Court may extend the time for cause but "[t]he motion shall be made before the time has expired."

After expiration of the 60 days the creditors moved to extend the time to file their complaint. That motion was denied as untimely.

 The creditors now contend that a motion for relief from the automatic stay which they made within the 60 days acted to extend their time for a dischargeability complaint. The stay relief motion was granted to allow the creditors to proceed in state court against the debtor for purposes of liquidating their claim. They now con-

tend that *In re Olmstead,* 608 F.2d 1365 (10th Cir.1979) means that their time for bringing a complaint was extended *ipso facto* by the stay relief motion. We do not read *Olmstead* to reach this result for it was a case under the prior Bankruptcy Rules which did not contain the mandatory language that the time can only be extended if the motion is made before the expiration date. *Olmstead* says merely that a bankruptcy court may modify the stay and direct that claims be liquidated in another forum, with the issue of dischargeability to be decided subsequently. These creditors could have achieved that result had they made a motion before the 60 days expired.

We have said previously that though Bankruptcy Rules 4004(a) and 4007(c) may be harsh, they are plain. See *State Guaranty Bank of Okeene v. Ensminger,* Adv. 84–294, 42 B.R. 548 (Bankr.W.D.Okla.1984) and *State Guaranty Bank of Okeene v. Ensminger,* Adv. 84–295, 42 B.R. 548 (Bankr.W.D.Okla.1984). This result is enforced by the requirements of Bankruptcy Rule 9006(b)(3) which allow enlargement of the time provided by either Rule "... only to the extent and under the conditions stated in those rules."

The only remaining question is thus whether the creditors actually made their motion timely. They argue that language contained in the motion for relief from the stay constitutes making a motion to extend the time for a dischargeability complaint. The language relied upon says "[m]ovant would show that the aforementioned claims should not be discharged in bankruptcy pursuant to 11 U.S.C. § 523(4) (sic)." This language cannot constitute the making of a motion to extend the time for a dischargeability complaint for "[t]he motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 9013, Federal Rules of Bankruptcy Procedure. The language in the stay relief motion fails for lack of particularity and the motion merely requests relief from the stay not an extension of the time for a dischargeability complaint.

Accordingly the creditors' motion to postpone delivery of the discharge is denied.