**In re Henry ZYNDORF Sylvia Zyndorf, Debtors.**

**Edward F. ZOLTANSKI, Trustee et al., Plaintiffs,**

**v.**

**Henry ZYNDORF, et al., Defendants.**

**Bankruptcy No. 82–02188.**
**Adv. No. 84–0071.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Oct. 26, 1984.

John N. MacKay, Shumaker, Loop & Kendrick, Toledo, Ohio, for movant.

Edward F. Zoltanski, Toledo, Ohio, trustee/plaintiff.

Gordon R. Barry, Toledo, Ohio, for defendants/debtors.

Barry Savage, Toledo, Ohio, for plaintiff/Sylvania Sav. Bank.

MEMORANDUM AND ORDER DENYING MOTIONS TO JOIN AS A PARTY PLAINTIFF OR TO INTERVENE AND TO PARTICIPATE IN DEPOSITION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court on the motions of Harry Snyder, creditor, to either join as a party plaintiff pursuant to Bankruptcy Rule 7020, F.R.C.P. 20 or to intervene under Bankruptcy Rule 7024, F.R.C.P. 24, and to participate in debtors' deposition scheduled for October 29, 1984, and upon Defendant/Debtors' memorandum in opposition thereto. The creditor has failed to meet the filing deadline implicit in F.R.C.P. 20 to join with other plaintiffs and has not met the burden of proving dissimilar interests or inadequate representation from the current plaintiffs as required by Bankruptcy Rule 7024. Therefore the creditor's motions are denied.

## DISCUSSION

Creditor Snyder's motion to join as a party plaintiff fails because he did not join the other plaintiffs before the March 6, 1984 deadline for filing objections to discharge. F.R.C.P. 20 provides:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

Clearly all parties with similar claims may join and the claim will not be dismissed for misjoinder according to F.R.C.P. 21. However, implicit in this Rule is that they join within the statutory time limits. In this case under Bankruptcy Rule 4004 the creditor had 60 days following the first date set for the meeting of creditors to file an objection to the debtors' discharge and/or to join as a party plaintiff. Since the creditor failed to meet the deadline of March 6, 1984, he is denied joining plaintiffs under F.R.C.P. 20 and must rely on his claim of right to intervene under Bankruptcy Rule 7024, F.R.C.P. 24.

F.R.C.P. 24 provides that such intervention is not warranted "if the applicants interest is adequately represented by existing parties." *United States v. South Bend Community School Corp.* 692 F.2d 623, 627 (7th Cir.1982). "The burden however minimal after *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10, 92 S.Ct. 630, 636 n. 10, 30 L.Ed.2d 686 (1972), is on the applicant for intervention to show that his interests are not adequately represented by the existing parties" *Hoots v. Com. of Pa.* 672 F.2d 1133, 1135 (3d Cir. 1982) and "to permit a multitude of such interventions may result in accumulating proof and arguments without assisting the court." *Allen Calculators v. Cash Register Co.* 322 U.S. 137, 142, 64 S.Ct. 905, 907, 88 L.Ed. 1188 (1943).

Both creditor Sylvania Savings bank and the trustee are actively pursuing objections to the discharge of defendants' debts under Bankruptcy Code § 727(a)(2), (a)(3), (a)(5) and (a)(6). Movant's motion stated that the basis for its claim arises out of the same transaction or series of transactions as are common to the objection of the Sylvania Savings Bank Company. On its face movant's motions declare that its objectives are similar to the plaintiffs who met the filing deadline. No evidence has been produced that would indicate the plaintiffs are not actively representing its interests. If the plaintiffs prevail the same benefits will inure to the movant as well as to all creditors. Therefore movant's motion to intervene under § 727 must be denied.

Movant next seeks to intervene under Bankruptcy Code § 523(a)(2)(A) and (B). The movant waived his right to assert these grounds by failing to meet the time deadlines as specified in Bankruptcy Rule 4007(c). To allow the movant to raise this issue now would allow him to accomplish indirectly that which he can not do directly.

The time limitation provides a debtor with the assurance that these claims will not have to be litigated. Ignoring the time bar would not only injure the debtor's position but it disrupts the orderly progression of the case. Consequently movant may not intervene when the action was barred by time limitations.

Finally, F.R.C.P. 24(c) states "a person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Movant's motions were not accompanied by the required pleading.

Absent the necessary proof that the movant has dissimilar interests or is inadequately represented, its motion to intervene under § 727 must be denied. Due to statutory time limitations for filing that were not met movant's motions to join as a party plaintiff and to intervene under § 523(a)(2)(A) & (B) must be denied. It is therefore,

ORDERED that the motions of Harry Snyder to either join as a party plaintiff or to intervene and to participate in debtors' deposition be, and they hereby are, denied.