**In re Ronald W. MAHER, Verlene E. Maher, Debtors.**

**Bankruptcy No. 83–02128.**

United States Bankruptcy Court, N.D. Iowa.

July 31, 1985.

Kristin Tolvstad Davis, Asst. U.S. Atty., Northern Dist. of Iowa, Cedar Rapids, Iowa, for U.S.A. and CCC.

Eric W. Lam and Larry G. Gutz, Moyer & Bergman, Cedar Rapids, Iowa, for debtors.

Michael C. Dunbar, Waterloo, Iowa, trustee.

### ORDER Denying the Motion of the United States of America for Extension of Time to File Dischargeability Complaint

WILLIAM W. THINNES, Bankruptcy Judge.

The question before the Court is whether the United States of America, Commodity Credit Corporation (hereinafter CCC), should be granted an extension of time to file a dischargeability complaint regarding the debt owed to it by Ronald W. Maher and Verlene E. Maher.

The United States of America was represented by Assistant U.S. Attorney, Kristin Tolvstad Davis. The Debtors were represented by Attorneys Eric W. Lam and Larry G. Gutz of the firm of Moyer & Bergman of Cedar Rapids, Iowa.

The facts of this case can be stated briefly as follows: On April 15, 1983, the Debtor filed a Chapter 11 Voluntary Bankruptcy Petition. A first meeting of creditors was held pursuant to 11 U.S.C. § 341(a) on May 26, 1983. The Petition was converted to one under Chapter 7 of the Bankruptcy Code on March 3, 1984. The Court set April 3, 1984, as the first meeting of creditors in the Chapter 7 case and June 2, 1984, as the last date for filing complaints to determine dischargeability of debts. On August 3, 1984, the United States of America filed the instant motion for extension of time to file a dischargeability complaint.

The Court notes at the outset that the rules setting the deadlines for filing dischargeability complaints were changed during the administration of this case. When the case was filed, F.R.B.P. 409(a)(2) governed and the Court was to set the date for objecting to dischargeability of a debt. Rule 409(a)(2) allowed the Court to extend the time fixed to object to dischargeability "for cause, on its own initiative or on application of any party in interest."[1] The

---

1. Former Federal Rule of Bankruptcy Procedure 409(a)(2) provided:

Court did not set a time limit for filing a complaint objecting to the dischargeability of a debt.

■ The general standard for extension of time when this case was filed was based upon the concept of "excusable neglect" as set forth in F.R.B.P. 906(b).[2] "The words 'excusable neglect', are words of art, and are subject to the interpretation of the trier ... '[e]xcusable neglect' [has been] interpreted as meaning the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Kirschner*, 46 B.R. 583, 587 (Bkrtcy.E.D.N.Y.1985) quoting *In re Manning*, 4 B.C.D. 304, 305 (D.Conn.1978). *See also*, *In re Parrish*, 13 B.R. 539, 8 B.C.D. 285 (Bkrtcy.W.D.Ky.1981); *In re Breining*, 6 B.R. 837 (Bkrtcy.S.D.N.Y.1980).

■ Effective August 1, 1983, Congress adopted a new set of Bankruptcy Rules which were to be applied to all pending cases except to the extent their application in a pending case would not be feasible or would work injustice.[3] The Court determines that the application of the new Rules of Bankruptcy Procedure is appropriate in this case for the following reasons: (1) the new Bankruptcy Rules were first promulgated in April of 1983 to take effect on August 1, 1983, therefore ample notice of the rules was provided to the parties; (2) in this case the Court set a date for filing dischargeability complaints after conversion to Chapter 7, that date was June 2, 1984; and (3) the CCC had two different deadlines within which to file its dischargeability complaint, August 24, 1983, under the old rules, and June 2, 1984, as set by the Court after the conversion to Chapter 7.[4]

The new Rules of Bankruptcy Procedure changed the time for filing dischargeability

---

DETERMINATION OF DISCHARGEABILITY OF A DEBT;
JUDGMENT ON NONDISCHARGEABLE DEBT;
JURY TRIAL
(2) **Time for Filing Complaint Under § 17c(2) of the Act; Notice of Time Fixed.** The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

2. Former Federal Rule of Bankruptcy Procedure 906(b) provided:
TIME
(b) **Enlargement.** When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period orig-

inally prescribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

3. Supreme Court of the United States order of April 25, 1983, reproduced in pertinent part below, provided:
That the aforementioned Bankruptcy Rules shall take effect on August 1, 1983, and shall be applicable to proceedings then pending, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies.

4. The Court notes that both the old and the new rules provide that the dischargeability complaint is to be filed within the time specified after the *first date* set for the meeting of creditors. See former F.R.B.P. 409(a)(2) and current F.R.B.P. 4007(c). Under such an analysis the conversion to Chapter 7 would not extend or establish a new time to file a dischargeability complaint. Since a deadline was set by the Court after conversion to Chapter 7, it will be adhered to in this case.

complaints in some significant respects. First, F.R.B.P. 4007(c) limited the time to file a dischargeability complaint to 60 days after the first date set for the meeting of creditors held pursuant to § 341(a). The second major change was the limitation placed upon the time to file a motion to extend time to file a dischargeability complaint. Under F.R.B.P. 4007(c) the motion must be filed before the time to file a dischargeability complaint has expired.[5] The general rule allowing enlargement of time for excusable neglect has been severely limited in the new rules. F.R.B.P. 9006(b)(1) makes a general provision for enlargement of times based upon excusable neglect as did former F.R.B.P. 906(b)(2). However, rather than stopping with the excusable neglect standard, F.R.B.P. 9006(b)(3) limits enlargement of time in certain instances including filing motions to extend time to file dischargeability complaints to the specific limits found in F.R.B.P. 4007(c).[6] Specifically, F.R.B.P. 4007(c) limits the discretion of the court to grant a motion to extend the time to file a dischargeability complaint to motions filed before the initial time to file such complaints has expired.

The Advisory Committee's Note for Rule 9006 provides in relevant part:

Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of time may be granted under paragraph (1). *If a rule is included in paragraph (3) an extension may not be granted under paragraph (1).* (Emphasis supplied).

"The Advisory Committee's Note indicates that a Bankruptcy Court may no longer exercise its discretion under the excusable neglect doctrine to enlarge the time for taking action under Rule 4007(c) beyond the conditions stated in that rule." *In re Lagrotteria*, 42 B.R. 867, 870 (Bkrtcy.N.D. Ill.1984). "It is clear that by prohibiting that which it formerly permitted, Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." *In re Figueroa*, 33 B.R. 298, 300 (Bkrtcy.S.D.N.Y.1983).

■ Lest there be any misconception as to the absoluteness of F.R.B.P. 4007(c), this Court notes that some creditors have sought to avoid its effects through application of F.R.C.P. 60(b) which is incorporated into bankruptcy proceedings pursuant to F.R.B.P. 9024. *See In re Ensminger*, 42 B.R. 548 (Bkrtcy.W.D.Okla.1984). Federal Rule of Civil Procedure 60(b) is clear in that it only applies to *final* judgments, orders, or proceedings. *In re Ensminger*, 42 B.R. at 551. Since no final judgment

---

5. The text of F.R.B.P. 4007(c) provides:

(c) **Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis supplied).

Compare with former F.R.B.P. 409(a)(2) which did not include the last sentence in current F.R.B.P. 4007(c). See fn. 1 above.

6. Federal Rule of Bankruptcy Procedure 9006(b) provides in pertinent part:

(1) **In General.** *Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

\* \* \* \* \* \*

(3) **Enlargement Limited.** *The court may enlarge the time for taking action under Rules ... 4007(c), ... only to the extent and under the conditions stated in those rules.* (Emphasis supplied).

has been entered, reliance on F.R.C.P. 60(b) would be premature. Even if one assumes that F.R.C.P. 60(b) is applicable, relief under said rule is left to the sound discretion of the Court. *See generally* 11 Wright and Miller, *Federal Practice and Procedure,* § 2857 (1969).

In light of the foregoing the Court now turns to a brief review of caselaw relevant to F.R.B.P. 4007(c). The Court finds almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a *late filed* motion to extend time to file a dischargeability complaint. *Matter of Hill,* 48 B.R. 323, 324 (D.C.N.D.Georgia 1985); *In re Richards,* 47 B.R. 423, 425 (D.C.Minn.1985); *In re Barr,* 47 B.R. 334, 336 (Bkrtcy.E.D.N.Y. 1985); *In re Yancey,* 46 B.R. 621, 622–23 (Bkrtcy.E.D.Penn.1985); *In re Dahowski,* 48 B.R. 877, 884 (Bkrtcy.S.D.N.Y.1985); *In re Sturgis,* 46 B.R. 360, 362–63 (Bkrtcy.W. D.Okla.1985); *In re Grant,* 45 B.R. 265, 266 (Bkrtcy.Maine 1984); *In re Grant,* 45 B.R. 262, 263 (Bkrtcy.Maine 1984); *In re Richards,* 43 B.R. 554, 558–59, 12 B.C.D. 553 (Bkrtcy.Minn.1984); *In re Zyndorf,* 44 B.R. 77, 78–79, 12 B.C.D. 589 (Bkrtcy.N.D. Ohio 1984); *In re Smith,* 42 B.R. 927, 931 (Bkrtcy.Mass.1984); *In re Schones,* 42 B.R. 552, 553 (Bkrtcy.W.D.Okla.1984); *In re Richards,* 43 B.R. 549, 553 (Bkrtcy.Minn. 1984); *In re Lagrotteria,* 42 B.R. 867, 871 (Bkrtcy.N.D.Ill.1984); *In re Ensminger,* 42 B.R. 548, 551 (Bkrtcy.W.D.Okla.1984); *In re Homyak,* 40 B.R. 99, 101 (Bkrtcy.S.D.N. Y.1984); *In re Lopez,* 39 B.R. 433, 437 (Bkrtcy.D.R.I.1984). *Contra, In re Nowacki,* 39 B.R. 35 (Bkrtcy.N.D.Ohio 1984) (applying excusable neglect standard to F.R.B.P. 4007(c)).

The Court further concludes that even if the excusable neglect standard were to be applied to this case the facts adduced at trial do not constitute excusable neglect. The United States Attorney's office cites the "wall of separation" between the civil and criminal aspects of the office. The "wall of separation" precludes the attorneys working on the criminal cases or investigations from discussing them with the attorneys working on civil cases. In this instance the CCC was having a criminal investigation conducted regarding alleged conversion of sealed corn by the Debtor, Ronald Maher. The investigation file was received by the U.S. Attorney's office on May 18, 1983. The U.S. Attorney's office was advised of the investigation on December 2, 1982. Assistant United States Attorney Robert Teig handled the criminal investigation from January 25, 1984 onward. In June of 1983, Kristin Tolvstad Davis joined the U.S. Attorney's office to handle civil matters. Ms. Davis handles the vast majority of the bankruptcy caseload for the U.S. Attorney's office. The "wall of separation" was not intact. While Mr. Teig was handling the criminal investigations regarding Mr. Maher, he had previously handled some matters relating to the bankruptcy of Mr. Maher. Since he was handling both civil and criminal matters, Mr. Teig or another attorney in the U.S. Attorney's office could have either filed a timely dischargeability complaint or filed a timely motion to extend the time to object to discharge on behalf of the CCC.

While the wall of separation generally maintained in the U.S. Attorney's office might give cause for a finding of excusable neglect, as defined in *Kirschner,* 46 B.R. at 587, the fact remains that there is but one client in this instance, the CCC. There is nothing which would preclude the CCC from speaking with the attorneys working on the criminal investigation and also talking to the attorneys working in the civil division, e.g., bankruptcy, so that the CCC's interests could be protected in both forums. The attorneys need not communicate and the "wall of separation" can be maintained.

For the Court to grant the CCC's late-filed motion is to set a poor precedent which would in essence eviscerate the fresh start provisions of the Bankruptcy Code. The judicial mainstream indicates that deadlines set for filing dischargeability complaints should rarely be extended after their expiration. *In re Lopez,* 39 B.R. 433,

436 (Bkrtcy.D.R.I.1984) citing *In re Waldman,* 33 B.R. 328 (Bkrtcy.S.D.N.Y.1983); *In re Frankina,* 29 B.R. 983 (Bkrtcy.E.D. Mich.1983); *In re Griffis,* 31 B.R. 279 (Bkrtcy.D.Vt.1983); *In re Torres,* 22 B.R. 418 (Bkrtcy.D.N.M.1982) (procedural deadlines are a fact of life in the legal profession).

In light of the foregoing the CCC's Motion must be denied.

### ORDERS

IT IS HEREBY ORDERED that the Motion of United States of America for Extension of Time to File Dischargeability Complaint is denied.

IT IS FURTHER ORDERED that this Court shall not make any determination regarding the request of the Debtors for the assessment of costs and attorneys fees against the United States of America pursuant to F.R.B.P. 9011(a) inasmuch as no evidence has been presented on said matter.