**In re Richard HARVEY and Viviene Harvey, Debtors.**

No. C86–4015.

United States District Court,
N.D. Ohio, E.D.

Jan. 21, 1987.

John P. Kellogg, Cleveland, Ohio, for appellant.

Thomas Pavlik, Cleveland, Ohio, for appellee.

## MEMORANDUM AND ORDER

WHITE, District Judge.

This is an appeal from an order of the Bankruptcy Court. The appellant, Walter Williams filed a motion for extension of time to file an objection to discharge of the debt on grounds of excusable neglect. The Bankruptcy Court set July 21, 1986 as the last day to file complaints objecting to discharge. Appellants' motion was filed on July 25, 1986 and the Court denied the motion on July 28, 1986. Appellant contends that the Bankruptcy Court's denial of his motion for extension of time to file a complaint objecting to discharge constituted an arbitrary and abusive exercise of judicial discretion. For the following reasons the ruling of the Bankruptcy Court is affirmed.

Rule 4004(a) and (b) provides:

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

(b) Extension of time

On motion of any party in interest, after hearing on notice, the court may for cause extend the time of filing a complaint objecting to discharge. The motion shall be made before such time has expired.

Rule 9006(b) provides:

(1) In general. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(3) Enlargement limited. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

According to Rule 4004(b) the court may extend the time for filing a complaint objecting to discharge if the motion for extension is made before the time for filing has expired. Rule 9006 allows for extension of the time period on showing of excusable neglect but 9006(b)(3) limits enlargement of

412

time under Rule 4004(a) to the extent and conditions stated in the Rule. The conclusion must be that the court has no discretion to enlarge the time for filing a complaint objecting to discharge when the motion for extension has been filed past the deadline. The following cases have ruled in this manner using Rule 4007(c) which is similar to Rule 4004(b). *In Re Grant,* 45 B.R. 265 (Bankruptcy D.Maine 1984); *In Re Barr,* 47 B.R. 334 (Bankruptcy E.D.N.Y.1985); *In Re Dahowski,* 48 B.R. 877 (Bankruptcy S.D.N.Y.1985); *In Re Smolen,* 48 B.R. 633 (Bankruptcy N.D.Ill 1985); *In Re Maher,* 51 B.R. 848 (Bankruptcy N.D. Iowa 1985); *In Re Shelton,* 58 B.R. 746 (Bankruptcy S.D.Ill.1986); *In Re Littell,* 58 B.R. 937 (Bankruptcy S.D.Tex.1986); *Matter of Hickey,* 58 B.R. 106 (Bankruptcy S.D.Ohio 1986); Contra, *In Re Nowacki,* 39 B.R. 35 (Bankruptcy N.D.Ohio 1984); *In Re Mullins,* 55 B.R. 618 (Bankruptcy W.D.Va. 1985). It is noted that one court stated that a judicially created exception might be warranted where the creditor has not received actual notice. *In Re Barr* at 336. In the case at bar appellant's attorney received notice of a pending bankruptcy six days before the deadline. Thus an exception cannot be made in this case.

Accordingly, after examination of the briefs and record this Court finds that oral argument is not needed. Bankruptcy Rule 8001. The decision of the Bankruptcy court IS AFFIRMED.

IT IS SO ORDERED.