**In re Kenneth Edward MILLER and Theodora Miller, Debtors.**

**Bankruptcy No. 95–31624–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 23, 1995.

Scott W. Spradley, Spradley and Tassell, Orlando, FL.

James A. Conway, Stuart, FL, for debtors.

*ORDER DENYING CREDITOR'S MO-*
*TION FOR EXTENSION OF TIME*
*TO FILE COMPLAINT AND MEMO-*
*RANDUM OF LAW THEREON*

PAUL HYMAN, JR., Bankruptcy Judge.

**THIS CAUSE** came before the Court on September 27, 1995, upon Creditor BAR-NETT BANK OF TREASURE COAST'S ("Barnett") Motion for Extension of Time to File Complaint and Memorandum of Law Thereon (the "Motion"), and Debtors', KENNETH EDWARD MILLER and THEODORA MILLER (collectively the "Debtors"), Memorandum of Law in Opposition to Barnett's Motion for Extension of Time To File Adversary Complaint (the "Response") and with the parties having appeared before the Court and the Court having reviewed the Motion, the Response, and relevant case law and being otherwise fully advised in the premises, the Court makes the following findings of facts and conclusions of law.

### FINDINGS OF FACT

On June 23, 1995, this Court entered an Order establishing September 11, 1995 as the deadline to file a Complaint (the "Bar Date") to determine the dischargeability of certain types of debts. On September 12, 1995, Barnett filed the Motion stating that grounds existed to support the filing of an adversarial proceeding pursuant to 11 U.S.C. § 523(a)(2) regarding the Debtors' use of a Barnett Bank credit card (the "Barnett Card").

In support of the Motion, Barnett states that its undersigned counsel was retained on September 11, 1995 at 9:11 a.m. Barnett claims that there was insufficient time prior to the expiration of the Bar Date for its counsel to begin and complete an investigation of the factual basis to commence an 11 U.S.C. § 523(a)(2)(A) proceeding. Barnett alleges that Debtors' pattern of use of the Barnett Card immediately prior to the commencement of this case suggests that the debt was incurred in violation of 11 U.S.C. § 523(a)(2)(A) and should, therefore, be excepted from discharge.

Barnett states that the Motion was filed with the Clerk of the United States Bankruptcy Court, Southern District of Florida on September 12, 1995, the day after the Bar Date. Barnett argues, however, that since the Motion was served on the Debtors on September 11, 1995, which was prior to the expiration of the Bar Date, the Motion was

timely made in accordance with Federal Rule of Bankruptcy Procedure ("Rule") 4007(d)[1].

Debtors do not dispute Barnett's claim that the Motion was made prior to the expiration of the Bar Date. As indicated below, the Debtors are incorrect in conceding this point. However, the Debtors argue that pursuant to 4007(c), the Court may only extend the time to file an objection to discharge "for cause" and that Barnett did not set forth in the Motion or present to the Court sufficient causes requiring this Court to grant the Motion. The Debtors argue that neither Barnett's acts nor allegations satisfy the "for cause" requirement of Rule 4007(c).

### CONCLUSIONS OF LAW

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I). Since this is a core proceeding, this Court has jurisdiction to determine whether the Motion was timely filed pursuant Rule 4007(c) and prior to the expiration of the Bar Date.

The Court's determination of this issue is based on the interrelation of Federal Rule of Bankruptcy Procedure ("Rule") 4007(c), Rule 7004, Rule 9014, Rule 9006(b) and Federal Rule of Civil Procedure 4, as well as the holding of the Eleventh Circuit Court of Appeals in *Phyllis B. Coggin v. Thomas Edward Coggin and Thomas E. Reynolds (In re Thomas Edward Coggin)*, 30 F.3d 1443 (11th Cir.1994).

Rule 4007(c) states in pertinent part:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a) ... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The Motion shall be made before the time has expired. ·

In addition, Rule 9006(b) provides in pertinent part:

(1) In General. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(3) Enlargement Limited. The court may enlarge the time for taking an action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

According to Rule 4007(c), the court may extend the time for filing a complaint objecting to discharge if the motion for extension is *made* before the time for filing has expired. Fed.R.Bankr.P. 4007(c). Rule 9006(b)(1), likewise, allows for extension of time if the request is *made* before the expiration prescribed by the court. Fed.R.Bankr.P. 9006(b)(1). Neither Rule 4007(c) or Rule 9006(b)(1) specify when a motion or request is "made". This Court, therefore, must first determine what constitutes "making" a motion pursuant to Rule 4007(c), as applied to Rule 9006(b)(1).

The Eleventh Circuit in *Coggin* addressed the issue of whether a motion to extend the bar date pursuant to 4004(b) is "made" when it is filed or served upon debtor and debtor's

---

1. Barnett cites as authority for its Motion Rule 4007(d), which addresses the time for filing a complaint and a motion for an extension of time under 11 U.S.C. § 523(c) in Chapter 13 individual's debt adjustment cases. See Barnett's Motion, page 2 ¶ 4. Since this case was filed, however, under Chapter 7 of the Bankruptcy Code, 4007(c) and not 4007(d) is the appropriate statutory basis for Barnett's Motion. This Court, therefore, will conduct its analysis pursuant to the standard set forth in 4007(c) as well as other rules relating thereto.

counsel.[2] This Court's determination follows the Eleventh Circuit's analysis basing its holding on the interrelation of four Federal rules: Rule 4007, Rule 9014, Rule 7004, and Federal Rule of Civil Procedure 4.

■ A motion to extend the bar date is a contested matter under the Bankruptcy Code (the "Code"). Consistent with the Eleventh Circuit's holding in *Coggin*, this Court finds that Rule 9014, which applies to contested matters not specified as either adversary proceedings in Rule 7001 or application proceedings in Rule 9014, is the starting point of analysis. Rule 9014 provides in pertinent part:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under those rule unless the court orders an answer to a motion. *The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004* . . .

Fed.R.Bankr.P. 9014 (emphasis added). Therefore, since the Motion is a contested matter under Rule 9014, the Motion is to be treated and served in the same manner as a summons and a complaint consistent with the procedures set forth in Rule 7004.

■ Pursuant to Rule 7004(a), service of a Rule 4007(c) motion is governed by Fed. R.Civ.P. 4. Specifically, according to Fed. R.Civ.P. 4(j),[3] a summons and complaint

must be served within 120 days of filing with the court. Since the clear language of Fed. R.Civ.P. 4(j) requires "filing" prior to "service," this Court finds the logical conclusion is that a motion under 4007(c) must first be "filed" to be "made" and once filed may be served upon the debtor and debtor's counsel. Furthermore, this Court's position is supported by Collier on Bankruptcy. Collier on Bankruptcy, paragraph 4007.05[3] states in pertinent part:

> [a] The [4007(c)] motion must be filed within the original time period allowed for dischargeability complaints. If the motion is not filed within that time period, the court has no discretion to grant the motion.

8 Collier on Bankruptcy, ¶ 4007.05[3][a] (15th ed. 1994).

Barnett urges this Court to adopt the holding of the Court in *In re Friscia*, 123 B.R. 9 (Bankr.E.D.N.Y.1991) stating that a motion to extend the bar date is not "made" unless and until it is served. This Court notes that *In re Friscia* is indistinguishable from the instant case.[4] Nevertheless, like the Eleventh Circuit in *Coggin*, this Court disagrees with the *In re Friscia* Court's holding that a motion to extend the bar date under Rule 4007(c) is made when served.

Furthermore, this Court notes that prior bankruptcy court's decisions have used the term "file" when referring to the time limitation imposed on making a motion under Rules 4004(b) and 4007(c). See *In re Harvey*, 69 B.R. 411, 412 (N.D.Ohio 1987) ("the

---

**2.** Although the Eleventh Circuit's holding in *Coggin* addressed a motion to extend a bar date pursuant to Rule 4004(b), this Court finds that the Eleventh Circuit's analysis in *Coggin* is relevant to a motion to extend a bar date pursuant to Rule 4007(c) since the relevant language of Rule 4004(b) and 4007(c) are identical. Furthermore, based on a review of the Editors' Comments addressing motions for an extension of time under Rules 4004 and 4007, this Court finds that the Eleventh Circuit's analysis applies equally to Rule 4007. In fact, the Editors' Comment to Rule 4007(c) specifically incorporates the Editors' Comment to 4004(b) discussing the conditions and justifications for extensions of time to file a complaint.

**3.** According to Rule 7004(g), the numbers of the Fed.R.Civ.P. referred to therein are the numbers in effect on January 1, 1990, prior to any amendments. The timing of service of a summons and complaint is now governed by Fed.R.Civ.P. 4(m).

**4.** The Eleventh Circuit in *Coggin* stated that the *Friscia* Court based its holding under Rule 4004(b). This Court notes, however, that the issue before the *Friscia* Court was whether the creditor in compliance with Rule 4007(c) not 4004(b) made a timely motion.

conclusion must be that the court has no discretion to enlarge the time for filing a complaint objecting to discharge when the motion for extension has been filed past the deadline"); *In re Hall,* 128 B.R. 175, 176 (Bankr.S.D.Tex.1990) ("bankruptcy rules 4004(b) and 4007(c) provide that such motions must be filed before the 60 days from the first date set for the meeting of creditors has expired …"); *Columbia First Fed. Savs. & Loan Ass'n v. Rae (In re Rae),* 115 B.R. 6, 8 (Bankr.D.D.C.1990) ("bankruptcy rules 4004(b) and 4007(c), in conjunction with Bankruptcy Rule 9006(b)(3), prohibit extension based on a motion filed after the bar date"); *In re Wilson,* 90 B.R. 491, 495 (Bankr.N.D.Ala.1988) ("a request for such an extension must be filed before the expiration of the time for filing such complaints").

Consistent with the Eleventh Circuit's holding in *Coggin,* this Court finds that a motion to extend the bar date pursuant to Rule 4007(c) is "made" on the date that it is "filed," regardless of when it is served on the debtor or debtor's counsel. This Court finds that since the Motion was filed and, therefore, made on September 12, 1995, the Motion was not made in a timely manner, as required by Rule 4007(c) and Rule 9006(b).

This Court now addresses whether Rule 9006(b)(3)'s "excusable neglect" or Rule 4007(c)'s "for cause" tests would nonetheless permit this Court to grant the Motion. As discussed *supra,* Rule 9006 allows for an enlargement of time on a showing of excusable neglect. However, Rule 9006(b)(3), in limiting the court's discretion, expressly restricts such extension under Rule 4007(c) to the extent and conditions stated therein.[5] See *In re Grant,* 45 B.R. 265 (Bankr.D.Maine 1984); *In re Barr,* 47 B.R. 334 (Bankr. E.D.N.Y.1985); *In re Dahowski,* 48 B.R. 877 (Bankr.S.D.N.Y.1985). This Court finds that the plain language of Rule 9006(b)(3) re-

moves the "excusable neglect test" of 9006(b)(1) from a court's consideration when a 4007(c) motion is made. This Court also holds that based on its findings that a 4007(c) motion must first be filed to be "made" and based on Rule 9006(b)'s clear language that 4007(c)'s conditions directly apply to Rule 9006(b)(3), it has no discretion based on excusable neglect to enlarge Barnett's time for filing the Motion.

Furthermore, this Court finds that it need not make a determination as to whether it may extend the time for Barnett to file the Motion "for cause" pursuant to Rule 4007(c). This Court holds that the plain language of Rule 4007(c) requires that a motion must first be made prior to the expiration of the bar date. Upon a determination that such motion has in fact been timely filed a court may then entertain parties' arguments and determine if it should grant an extension of time "for cause." Since this Court finds that the Motion was not made in a timely manner pursuant to Rule 4007(c), this Court need not determine if "cause" warrants an extension of time to object to debtors' discharge.

It is hereby **ORDERED AND ADJUDGED** that:

1. The Motion is denied.

2. Based on the holding of the Eleventh Circuit Court of Appeals in *Coggin,* this Court holds that the Motion was filed and, therefore, made on September 12, 1995, the day after the September 11, 1995 Bar Date. Therefore, the Motion was not made in a timely manner pursuant to Rule 4007(c) and Rule 9006(b)(1).

**DONE AND ORDER.**

---

5. Furthermore, the Advisory Committee Notes state: "Unless a rule which contains a specific authorization to extend time is listed in paragraph (3) of this subdivision, an extension of time may be granted under paragraph 1 of this subdi- vision. *If a rule is included in paragraph (3) an extension may not be granted under paragraph (1)."* Fed.R.Bankr.P. 9006(b)(3) advisory committee's note.