In re Robert R. DEPENCIER and Susan C. Depencier, Debtors.

Snapper, Inc., Plaintiff,

v.

Robert R. Depencier and Susan C. Depencier, Defendants.

Bankruptcy No. 98–18570–8P7. Adversary No. 99–45.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 23, 1999.

J. Corey Feist, Sarasota, FL, for plaintiff.

Daniel Hermann, Largo, FL, for defendant.

**ORDER ON DEFENDANTS' MOTION TO DISMISS ADVERSARY PROCEEDING AND PLAINTIFF'S MOTION FOR EXTENSION OF TIME AFTER TIME HAS EXPIRED TO FILE COMPLAINT**

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS under consideration in this adversary proceeding are Defendants'

Motion to Dismiss Adversary Proceeding and Plaintiff's Motion for Extension of Time After Time Has Expired seeking to extend the deadline for filing Plaintiff's Complaint. The Court reviewed the Motion and the record and finds as follows:

On October 22, 1998, Robert R. Depencier and Susan C. Depencier (Debtors) filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code. This Court fixed the deadline for filing complaints objecting to the discharge and to determine dischargeability as January 26, 1999. On January 27, 1999, Plaintiff, Snapper, Inc., filed its Complaint against the Debtors, pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(6), 727(a)(2)(A), 727(a)(3), 727(a)(4), and 727(a)(7).

The Debtors responded to the Complaint by filing a Motion to Dismiss Adversary Proceeding. The basis for their Motion is that the Complaint was untimely filed, having been filed one day late. The Plaintiff contends that the failure to file the Complaint by January 26, 1999 was the result of an administrative error of Plaintiff's counsel in inaccurately recording the bar date in his calendar. Plaintiff's counsel contends that despite the expiration of the deadline, Plaintiff should be granted an extension of time for the filing of the Complaint. The basis for this request is that the delay in filing was only one day so that the case was not detrimentally impacted; and the Debtors have not been prejudiced because this is a no asset case and the Debtors had notice of the Plaintiff's claim.

Federal Rule of Bankruptcy Procedure 4007(c) provides,

**(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation, …; Notice of Time Fixed.** A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).… On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Fed.R.Bankr.P. 9006(b) provides in pertinent part,

(3) Enlargement Limited. The court may enlarge the time for taking an action under Rules … 4007(c) …, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b).

"Under Rule 4007(c), a motion to extend *must* be made before the running of that period." *In re Alton,* 837 F.2d 457, 458 (11th Cir.1988) (emphasis added). The term "made" as used in Fed.R.Bankr.Pro. 4007(c) means that the motion to extend the bar date must be filed in order to be "made". *See In re Coggin,* 30 F.3d 1443 (11th Cir.1994); *In re Miller,* 188 B.R. 1021, 1024 (Bankr.S.D.Fla.1995). There is "almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint." *Alton, supra* at 459, citing *In re Maher,* 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985).

Based on the above, it is clear that this Court does not have the discretion to grant the late filed motion to extend the time to file the dischargeability complaint. Even if this Court had the discretion, the basis for the Motion, inadvertent error, does not justify disregarding the time provisions of the Bankruptcy Code. *See In re Williamson,* 15 F.3d 1037 (11th Cir.1994). Therefore, it is appropriate to deny the Motion for Extension and to grant the Motion to Dismiss.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Dismiss Adversary Proceeding be, and the same is hereby granted. This adversary proceeding is hereby dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that Plaintiff's Motion for Extension of Time After Time Has Expired be, and the same is hereby denied.