Greg MUNSELL, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–LV–86–224–HDM.

United States District Court, D. Nevada.

Nov. 20, 1986.

Harold P. Gewerter, Las Vegas, Nev., for plaintiff.

William A. Maddox, U.S. Atty., and Robert K. Smith, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

McKIBBEN, District Judge.

This is a proceeding, instituted by petitioner Greg Munsell pursuant to 26 U.S.C. § 7609, to quash a summons served March 12, 1986 on Harold P. Gewerter, attorney, as part of an IRS investigation into Munsell's compliance with the internal revenue laws during the years 1982 through 1984. Under 26 U.S.C. § 7609 any person who is entitled to notice of a summons served on a third-party recordkeeper has the right to begin a proceeding to quash such summons within twenty days after receipt of notice. Munsell was given notice of the summons issued to Gewerter.

Gewerter thereafter failed to comply with the summons which directed him to appear before Special Agent Gertsch on April 7, 1986 to give testimony and to produce for examination "[a]ll books and records for the years 1982 through and including 1984 regarding Playtimes Unlimited." Playtimes Unlimited is a partnership in which both Munsell and Gewerter were partners. Specifically Gewerter was to produce: 1) canceled checks, money orders, wire transfers, etc. to, from or on behalf of Playtimes Unlimited; 2) partnership returns; 3) research and development agreements and/or contract; 4) lessor/lessee agreements; 5) promissory notes; 6) sublease agreements; and 7) partnership agreements.

The case is now before the court to consider the United States' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The motion is made on the ground that the summoned party, Gewerter, is not a third-party recordkeeper within the meaning of 26 U.S.C. § 7609 and therefore the court is without jurisdiction to entertain the petition to quash summons. Munsell opposes the motion to dismiss on three grounds: 1) the motion to dismiss was improperly served on his attorney, Gewerter, at his home rather than at his office; 2) service of the notice of the summons was improper because the statute does not provide for service to the taxpayer by "handing a copy of the summons to ... taxpayer's attorney"; and 3) since the IRS previously treated Gewerter as a third-party recordkeeper as evidenced by the provision of notice to Munsell, the IRS is now estopped from denying that Gewerter is a third-party recordkeeper.

First, Munsell claims that because the motion to dismiss was mailed to Gewerter's home rather than to his office, service of the motion to dismiss was improper under Rule 5 of the Federal Rules of Civil Procedure. Rule 5(b) provides that service of a motion upon a party represented by an attorney shall be made by "delivering a copy to him or by mailing it to him at his last known address." Delivery of a copy within this rule means: 1) handing it to the attorney or to the party, 2) leaving it at his office with his clerk/person in charge, or 3) if the office is closed or the person to be served does not have an office, by leaving it at his *dwelling house or usual place of abode*. Fed.R.Civ.P. 5(b).

Thus, although it may be preferable and the usual practice to effect service by delivering a copy of the motion to the attorney's office, service is not improper merely because delivery was made at the attorney's home.

■ Munsell's second objection to the United States' motion to dismiss is that service of the notice of the summons was improper because a copy was handed to taxpayer's attorney. The United States asserts, and Munsell does not deny that, in addition to handing a copy to Munsell's attorney, notice of the summons was accomplished by sending a copy to Munsell. (See the reply of the United States at 2). However, even if this did not occur, it is apparent from the filing of this action that Munsell received actual notice of the summons as required by 26 U.S.C. § 7609(a).

■ Munsell maintains in his third objection that since the IRS provided him with notice of the summons served on Gewerter (even though such notice was allegedly improperly served) the IRS is now estopped from denying that Gewerter is a third-party recordkeeper and that Munsell is a party entitled to notice who may institute a proceeding to quash the summons. The actions of the IRS cannot confer jurisdiction upon this court. Although Special Agent Gertsch may have provided notice of the summons to Munsell, unless Munsell is in fact a party entitled to notice as defined by 26 U.S.C. § 7609(a), he lacks standing to institute a proceeding to quash pursuant to 26 U.S.C. § 7609(b)(2) and must wait until the IRS institutes an enforcement proceeding pursuant to 26 U.S.C. § 7604 to raise his objections to the summons. *See In re Peter*, 322 F.Supp. 270, 271 (E.D.Ky.1970) (citing *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1963)). Therefore, the real question in this case is whether Gewerter is a third-party recordkeeper within the meaning of the statute entitling Munsell to notice of the summons and permitting Munsell to institute a proceeding to quash.

■ Under the statute a third-party recordkeeper is defined as:

  a) any mutual savings bank, cooperative bank, savings and loan association, etc.;

  b) any consumer reporting agency;

  c) any person extending credit through the use of credit cards or similar devices;

  d) any broker;

  e) any attorney; and

  f) any accountant.

26 U.S.C. § 7609(a)(3). Since Gewerter is an attorney, Munsell argues that he comes within the third-party recordkeeper definition. However, even though an attorney may be a third-party recordkeeper under section 7609(a)(3)(e), a third-party recordkeeper must also "be a person engaged in making or keeping the records involving transactions *of other persons.* For example, an administrative summons served on a partnership, with respect to the records of the partnership's own transactions, would not be subject to these rules [§ 7609]." H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 369, *reprinted in* 1976 U.S.Code Cong. & Admin. News 2897, 3798 (emphasis added); *see also Rapp v. Commissioner*, 774 F.2d 932, 934 (9th Cir.1985); *United States v. Manchel*, 477 F.Supp. 326, 328 (E.D.Pa. 1979) (law partnership is not third-party recordkeeper as defined by section 7609).

■ In this case, the IRS summons was served on Gewerter as a partner in Playtimes Unlimited. Since a partnership can act only through its partners, the summons was necessarily directed to Gewerter. However, that does not make Gewerter a third-party; rather, he stands in the same position as the partnership. The partnership records requested by the summons were not records maintained by Gewerter attendant to his attorney-client relationship with Munsell, but rather records maintained by the partnership, possibly but not necessarily through Gewerter, "for [the partnership's] own purposes, even though they relate incidentally to a taxpayer." *Manchel*, 477 F.Supp. at 328. Gewerter has access to these records only as a conse-

quence of his partnership in Playtimes Unlimited. With respect to such records no third-party recordkeeper relationship exists. *Id.; see also Rapp,* 774 F.2d at 934. Rather, the records are properly characterized as two-party records concerning dealings between Playtimes Unlimited and Munsell or possibly two-party records concerning dealings between Playtimes Unlimited and Gewerter. *Buckner v. United States,* 585 F.Supp. 564, 565 (N.D.Ill.1984); *Godwin v. United States,* 564 F.Supp. 1209, 1211 (D.Del.1983); *Schlick v. United States,* 53 A.F.T.R.2d (P-H) ¶ 84-662 (1984).

Therefore the court concludes that the summons issued to Gewerter for books and records of Playtimes Unlimited was not a summons directed to a "third-party recordkeeper." Gewerter stands in the position of a second party and not in the position of an independent attorney rendering advice to the taxpayer, as contemplated by the statute. Consequently, Munsell was not entitled to notice of the issuance of the summons under 26 U.S.C. § 7609(a) and may not commence a proceeding to quash summons pursuant to 26 U.S.C. § 7609(b)(2). Accordingly, the United States' motion to dismiss should be granted.

It is so ordered.