**In re VICTORIA STATION INCORPORATED, and its subsidiaries, Debtor(s).**

**VICTORIA STATION INCORPORATED,
Appellant,**

v.

**Robert E. TURGEON, Successor Trustee, Appellee.**

**BAP Nos. NC–86–1947 EVMo and NC 86–1976 EVMo.**

**Bankruptcy Nos. 386–01420 JR to 386–01431 JR and 386–01538 JR.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted on Nov. 20, 1986.

Decided Dec. 23, 1986.

Richard Levin, Stutman, Treister & Glatt, Los Angeles, Cal., for appellant.

Thomas C. Holman, Pettit & Martin, San Francisco, Cal., for appellee.

Before ELLIOTT, VOLINN and MOOREMAN, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

The debtor appeals from an order denying its motion to assume a non-residential lease on the grounds that the lease was not assumed within sixty days as required by § 365(d)(4).[1]

Victoria Station has a buyer for the lease for $225,000, if it is permitted to assume

1. All references are to Title 11 of the United States Code.

and assign the lease. The issue presented is whether the service of a motion to assume on the last day permitted for assumption followed by a filing of the motion with the bankruptcy court three days later qualifies as assumption of the lease under § 365(d)(4). We hold that the timing requirements of § 365(d)(4) have been satisfied and reverse.

## FACTS

On May 20, 1986 the debtor filed its Chapter 11 case. At the time of the filing, one of the debtor's assets was an unexpired lease on non-residential real property located in Kansas City, Missouri.

On July 21, 1986 a motion for approval of the assumption was prepared, signed and served by mail on the landlord. The motion was also mailed to the bankruptcy court on the same day. The court received and filed the motion three days later, on Thursday, July 24, 1986.

## DISCUSSION

Unless a lease of non-residential real property is assumed within 60 days from the order for relief, the lease is deemed rejected, § 365(d)(1). The commencement of Victoria's Chapter 11 case constituted an order for relief, § 301. Sixty days from the order for relief fell on July 19, 1986, a Saturday.

Bankruptcy Rule 9006(a) provides in part that in computing any period of time prescribed by any applicable statute, if the last day falls on a Saturday, the period runs to the end of the next day that is not a Sunday or legal holiday. Therefore, the debtor had until Monday, July 21, 1986 to assume the lease.

■ There is a split of authority on whether the court must approve assumption of the lease within the 60 day period (or within duly authorized extensions) set forth in § 365(d)(4). These cases are collected in our recent decision, *In re Southwest Aircraft Services, Inc.*, 66 B.R. 121 (9th Cir.BAP 1986). The better reasoned authority is exemplified by the decision *In re By-Rite*, 55 B.R. 740 (D.C.Utah 1985) holding that it is not necessary that the court rule on the motion to assume a lease within the time period required by § 365(d)(4). The only requirement is that the motion to assume be made within that period.

Section 365(a) provides that subject to court approval, the trustee may assume or reject an unexpired lease.

A request for an order (other than relief requiring an adversary proceeding under Bankruptcy Rule 7001) shall be by motion, Bankruptcy Rules 9013 and 9014.

■ A motion is "made" when served on the opposing party, *In re Sonoma V,* 703 F.2d 429 (9th Cir.1983). Service is complete upon mailing, Bankruptcy Rule 9006(e). Filing of the motion three days later was timely, *Claybrook Drilling Company v. Divanco,* 336 F.2d 697 (10th Cir. 1964) (four days between service and filing with the court was held to be reasonable). Therefore, the debtor's motion to assume was timely.

The appellee's reliance *In re Southwest Aircraft Services, Inc.,* 53 B.R. 805 (Bkrtcy.C.D.Cal.1985), *affirmed,* 66 B.R. 121, *supra,* is misplaced. In *Southwest,* we held that an extension of time to assume or reject a lease must be granted within the 60 day time period by reason of the clear language of the statute.

Section 365(d)(4) represents a clear intention of Congress to protect lessors from delay and uncertainty regarding assumption or rejection of unexpired leases of non-residential real property by a trustee or debtor in possession, and to decrease the attendant problems of extended vacancies and partial operation of tenant space by bankrupt tenants by requiring prompt action in order to prevent the rejection of such leases. *In re By-Rite Distributing, supra* at 744. Upon service of a motion to assume, this uncertainty is ended and therefore Congress' intention was fulfilled.

It is not clear that *In re Curio Shoppes, Inc.,* 55 B.R. 148 (Bkrtcy.D.Conn.1985) is contrary to our ruling. In that case, the motion to assume, dated May 6, 1985 (the

60th day from the order for relief) and apparently mailed on that date, was not received by the bankruptcy court until May 14, 1985. The court there held that the motion was not effective until received and filed and it was therefore untimely (we note in passing that inspite of the late filing the debtor was permitted to assume on "equitable" grounds). The case does not discuss the date of service of the motion which is the touchstone of our ruling. Absent service of the motion on the 60th day, we agree with the ruling.

Our decision does not require us to consider estoppel or reexamine our decision in *In re Treat Fitness Center*, 60 B.R. 878 (9th Cir.BAP 1986) in which we held that a lease could not be assumed by conduct.

The order appealed from is REVERSED.