**In re Thomas FRISCIA, Debtor.**

**No. 190–12525–260.**

United States Bankruptcy Court,
E.D. New York.

Jan. 17, 1991.

Jacoby & Meyers by Paul Siminovsky, Brooklyn, N.Y., for debtor.

Thomas G. Siciliano (William F. Finneran, of counsel), Queens Village, N.Y., for Municipal Credit Union.

## DECISION

### CONRAD B. DUBERSTEIN, Chief Judge.

Thomas Friscia ("Debtor") moves to dismiss the motion brought by Municipal Credit Union ("MCU") for an extension of the period in which MCU may file a complaint to determine the dischargeability of a debt on the grounds that MCU's motion was not timely filed. For the reasons stated below Debtor's motion to dismiss is denied.

## FACTS

On June 19, 1990 the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code (the "Code"). On June 21, 1990 the Clerk's office of this Court noticed all creditors that the first meeting of creditors was scheduled for August 1, 1990. October 1, 1990 was set as the deadline for *filing* a complaint to object to the Debtor's discharge or dischargeability of a debt.

Sometime in 1988 MCU became a creditor of the Debtor by reason of a promissory note and agreement (the "Note") executed by the Debtor in consideration for a loan in the amount of $10,000.00. The Debtor defaulted in the payment of the Note. At the time of filing of the petition for relief, there was due and owing $9,175.08 in principal plus accrued interest. MCU maintains that it may possess grounds to contest the dischargeability of this debt and/or the Debtor's discharge. MCU specifically alleges the Debtor may have made misrepresentations on his loan application regarding the purpose of the loan, his place of employment and his yearly income. Needing more time to examine into facts relative to the Debtor, MCU moved to extend the time to object to the dischargeability of its debt. Its application and notice of motion was mailed to the clerk of this court on October 1, 1990. On that date, copies were also mailed to the trustee and the attorney for the Debtor. The motion was received, stamped and filed by the Clerk of the Court on October 3, 1990.

## DISCUSSION

The question presented is whether or not the creditor, in compliance with Bankruptcy Rule 4007(c), timely made its motion to extend the bar date. "The answer would appear to be found in the interpretation of the word 'made.'" *In re Mancini,* No. 85–30168, slip op. at 13, 1986 WL 28905 (Bankr.S.D.N.Y. March 26, 1986).

Bankruptcy Rule 4007(c) provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing and notice, the court may for cause extend the time fixed under this subdivision. The motion shall be *made* before the time has expired. (emphasis added)

MCU argues that Rule 4007(c) requires a motion to extend the time to object to the dischargeability of a debt be made before the time to object has expired and that such a motion is made when it is *served.* It maintains that the Rule does not mandate that the motion be *filed* before the bar date. It finds support in Federal Rule of Civil Procedure 5(d) which merely requires that "all papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter."

Thus it is MCU's contention that its motion was made before the time to object to the dischargeability of the debt had expired because it was served, by mail, on the last day to object. Moreover, since the motion was filed only two days after service, it was filed within a reasonable time thereafter in accordance with Federal Rule of Civil Procedure 5(d).

There is an abundance of case law specifically stating that the court does not have any discretion "to grant a *late filed* motion to extend time to file a dischargeability complaint." *In re Mahar,* 51 B.R. 848, 852

(Bankr.N.D.Iowa 1985) (emphasis in original). *See e.g. In re Barr,* 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985); *In re Alton,* 837 F.2d 457, 459 (11th Cir.1988); *In re Rhodes,* 61 B.R. 626, 629 (9th Cir.BAP 1986). However, as MCU correctly points out, in the above cited cases the movant not only failed to file the motion by the bar date, but also failed to serve the motion before that date.

In *In re Mancini, supra,* the court was faced with the same issue as in the instant case. In that case two creditors, by separate motions sought extensions of time to file complaints to determine the dischargeability of a debt. Affidavits of service appended to the notices of motion show service of the motions to have been effected on the date fixed as the last day for filing complaints to determine the dischargeability of a Debt. One of the motions was received by the clerks office that same day, the second motion was received two days later.

In determining that both motions were timely made, the court reasoned:

FRBP 4007(c) requires dischargeability complaints be *"filed"* before the expiration of the last day for filing such complaints. The same subsection, however, requires that the motion to extend the filing time be *"made"* before the expiration of the time period. There is no requirement that the motion be *filed* before this deadline.

Although not in the context of FRBP 4007(c), other courts have interpreted "made" to mean service, that is, a "motion is 'made' by causing it to be served on the opposing party." *In re Sonoma V,* 703 F.2d 429 (9th Cir.1983) (interpreting former FRBP 752 which required motions to amend a judgment be made within 10 days after entry of judgment); *see Keohane v. Swarco, Inc.,* 320 F.2d 429 (6th Cir.1963).

In *Keohane v. Swarco, Inc., supra,* the court found that a timely served motion was "made" pursuant to FRCP 52(b) although it had not been filed until after the requisite time period. *Id.* at 430–31. Although the court observed that some of the Federal Rules of Civil Procedure are "geared specifically to a filing requirement" and cited as examples FRCP 3 (complaint), 41(a)(1) (notice of dismissal) and 73(a) (notice of appeal), the court refused to superimpose a filing requirement deadline on a motion pursuant to FRCP 52(b) where none was specifically required. *Id.* at 432. *See* 5A J. Moore & J. Lucas, Moore's Federal Practice p. 52.-11[1] at 52–193–194, n. 8 (2d ed. 1985) ("Although Rule 52(b) refers to a motion of a party 'made,' while Rule 59(b) and (d) refer to a motion 'served,' there is no difference in effect, since a motion is 'made' by causing it to be served." Cf. *Thierfeld v. Postman's Fifth Avenue Corp.,* 37 F.Supp. 958 (S.D.N.Y.1941) (reference in FRCP 12(f) to "made" means service not filing. *In re Mancini,* No. 85–30168, Slip op. at 13–14.

Similarly, in two cases where the debtor made a motion to assume a lease the court held that the motion was made when served. *See In re Victoria Station, Inc.,* 69 B.R. 110, 111 (9th Cir. BAP 1986), *aff'd,* 840 F.2d 682 (9th Cir.1988); *In re Aneiro,* 72 B.R. 424, 427 (Bankr.S.D.Ca.1987).

This court adopts the holding in *Mancini* that a motion to extend the time to file a complaint to object to the dischargeability of a debt is timely if it is served by the bar date even if the motion is not filed by that deadline.

This court recognizes it is the preferred practice to serve and file such a motion for an extension of time pursuant to Rules 4007(c) and 9006(b) before the bar date, to avoid confusion and aid the efficient administration of the case as "[n]othing would preclude the Court from granting the discharge on the day following the time fixed for filing complaints.... Any delay between that date and the date of the actual entry of the discharge order is one occasioned by purely administrative matters not within the control of the parties." *In re Lane,* 37 B.R. 410, 412 (Bankr.E.D.Va. 1984). However, this court is cognizant that "[a] procedural rule should not be construed as a trap for the unwary." *Hahn v. Becker,* 551 F.2d 741, 744 (7th

**12**

Cir.1977). It is this court's opinion that to require a motion to extend the time to object to the dischargeability of a debt be filed as well as served on or before the bar date would be a draconian interpretation of a straightforward procedural rule and contrary to the plain language of the statute.

CONCLUSION

For the reasons set forth above, the Debtor's motion to dismiss is denied. Submit order consistent with this opinion.