In re Michael W. ADAMS and
Susan L. Adams, Debtors.

Civ. A. No. 91–0098–E.

Bankruptcy No. 91–20087.

United States District Court,
N.D. West Virginia.

Jan. 31, 1992.

James W. Martin, Jr., Clarksburg, WV, for debtors.

Robert G. Durnal, Buckhannon, WV, Chapter 7 Trustee.

Thomas Persinger, Charleston, WV, for appellants.

## ORDER

MAXWELL, Chief Judge.

Appellees Michael A. Adams and Susan L. Adams ("Appellees"), debtors in the above-styled bankruptcy action, filed a petition for relief under Chapter 11 of the Bankruptcy Code on January 31, 1991. The first meeting of their creditors took place on March 21, 1991. A May 20, 1991 deadline for complaints as to the dischargeability of debts was established. Appellants Harry A. Wallace, III and Robert A. Bonwell ("Appellants") seek to contest the dischargeability of a $75,000.00 debt owed by Appellees. Although Appellants, through counsel, informed Appellees and their counsel of possible objections to the dischargeability of this debt, no actual complaint has yet been filed.

Bankruptcy Rule 4007 governs the process of contesting dischargeability. After providing for a deadline and notice to creditors, subsection (c) of the Rule concludes, "On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired." The following facts are undisputed in the above-styled bankruptcy action: 1) Counsel for both Appellants and Appellees discussed the debt and its dischargeability on several occasions between January 31, 1991 and May 14, 1991; 2) Counsel for Appellants accomplished personal service of a Motion to Extend Deadline on Appellees on May 17, 1991; 3) Counsel for Appellants on May 17, 1991 served the Motion by mail on Appellees' counsel, the Bankruptcy Trustee, and the Clerk of the Bankruptcy Court; 4) Counsel for Appellees received the Motion on May 20, 1991; and 5) The Clerk of the Bankruptcy Court received and filed the Motion on May 21, 1991. By Memorandum Opinion and Order entered July 11, 1991 and Amended Memorandum Opinion and Order entered August 3, 1991, the Bankruptcy Court denied the Motion to Extend Time on the basis of lack of jurisdiction. The Bankruptcy Court, in effect, equated the term "made" in Rule

4007(c) with "filed", thereby concluding that Appellants made an untimely Motion. *See e.g. In re Kirsch*, 65 B.R. 297 (Bankr.N.D.Ill. 1986); *In re Lane*, 37 B.R. 410 (Bankr. E.D.Va.1984). This bankruptcy appeal followed.

As the briefs of the opposing parties illustrate, there exists considerable disagreement concerning the issue of when a motion is "made" under the Bankruptcy Rules. Appellees point out that a significant amount of case law supports their position, at least by inference. Additionally, learned authority would appear to equate "made" with "filed" in the context of Rule 4007. *See 8 Collier on Bankruptcy* § 4007.05(3) (1991) (supporting Appellees' position, although with some apparent reservation). Appellants counter by correctly noting that the term "made" is generally synonymous with "served" rather than "filed". *E.g. 5A Moore's Federal Practice*, Par. 52.11, pp. 52–193–194, n. 8 (2d Ed.1982). Case law supporting Appellees' argument can be distinguished, and recent, analogous opinions support the proposition that a Motion to Extend need only be served before the deadline for contesting dischargeability. *See In re Brown*, 102 B.R. 187 (9th Cir. BAP 1989); *In re Friscia*, 123 B.R. 9 (Bankr.E.D.N.Y.1991).

After considering the conflicting authorities on this issue, the Court, after reviewing *de novo* the Bankruptcy Court's decision, is of the opinion that the Bankruptcy Court erred by holding that it lacked jurisdiction to consider Appellants' Motion to Extend. Recent case law would appear to require only that creditors move, as opposed to file, for an extension before expiration of the complaint deadline. As Appellants correctly point out, "move" commonly demands only service, not filing. The language of Rule 4007(c) supports this Court's interpretation. The Rule only requires that the motion be "made", while requiring that the complaint be "filed". This Court will not presume that the drafters of the Bankruptcy Code were unaware of the ordinary meaning of language included in the Rules. In this particular situation, it is undisputed that Appellees and their counsel were aware of the dispute as to the dischargeability of the debt in question. Appellees and counsel knew that Appellants were moving for an extension of time before the expiration of the complaint deadline. Appellees cannot claim to be prejudiced by the one-day delay in filing the Motion. Finally, by adopting a broader, more common interpretation of "made", courts will encourage examination of the merits of a larger number of complaints as to dischargeability. Accordingly, it is

**ORDERED** that the Amended Memorandum Opinion and Order be, and the same is hereby, **REVERSED** and **REMANDED** to the Bankruptcy Court for proceedings consistent with this Order. In holding that the Bankruptcy Court has jurisdiction to consider Appellants' Motion to Extend, this Court expresses no opinion as to the existence of "cause" to grant the motion or the merits of the complaint.