In re Garabet CIRKINYAN, Debtor.

PHILMAR JEWELERS, INC., A.S.K. Co., Bijan Fine Jewelry, Fabrikant & Sons, Inc., Blauweiss/Berkowitz, Monaco Imports, Finest Castings, Jeff Greenwald, Inc., Leon Dimstron Co., Inc., Abest Import Corp., and Namdar Sons, Plaintiffs,

v.

Garabet CIRKINYAN, Defendant.

Bankruptcy No. 95–20623 (NLW).
Adv. No. 95–2392 (NLW).

United States Bankruptcy Court,
D. New Jersey.

Sept. 8, 1995.

Law Offices of Ronald I. Levine by Stuart D. Minion, Hackensack, NJ, for debtor.

Philip R. Kaufman, Edison, NJ, for plaintiffs.

## OPINION

NOVALYN L. WINFIELD, Bankruptcy Judge.

The creditors Philmar Jewelers, Inc., A.S.K. Co., Bijan Fine Jewelry, Fabrikant & Sons, Inc., Blauweiss/Berkowitz, Monaco Imports, Finest Castings, Jeff Greenwald, Inc., Leon Dimston Co. Inc., Abest Import Corp., and Namdar Sons (collectively "the Creditors") filed a motion pursuant to Federal Rule of Bankruptcy Procedure 4007(c) to extend the time to file a complaint for determination of the nondischargeability of a debt. Simultaneously, the Creditors also filed a complaint alleging the nondischargeability of their debts. The Debtor, Garabet Cirkinyan ("Cirkinyan"), opposes the relief sought on the grounds that both the motion and the complaint are untimely. Because the Court finds that both the motion and the complaint were untimely, the motion is denied and the complaint is dismissed.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference by the United States District Court of New Jersey dated July 23, 1984. The matter before the Court is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (I), as it involves the dischargeability of the debtor's obligations. The following constitutes this Court's findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## BACKGROUND

At the time that Cirkinyan sought relief under Chapter 7 of the Bankruptcy Code he was engaged in business as a diamond setter. The Creditors furnished Cirkinyan with diamonds and gold to mount in jewelry items and/or to sell on a consignment basis. The Creditors assert that the gold and diamonds provided to Cirkinyan had an aggregate value of approximately $141,264.00. The Creditors allege that Cirkinyan pawned the diamonds and gold, and that the resultant debts which he owes to them should be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). The objecting creditors comprise over sixty percent of the debts owed by Cirkinyan.

Cirkinyan filed his Chapter 7 case on January 26, 1995. Cirkinyan listed the Creditors on Schedule F of his bankruptcy petition. Further, it appears from the certification of mailing in the court file that the Creditors received the Notice of Commencement of No Asset Case ("Notice") at their addresses as listed on the petition. The Notice identified May 2, 1995 as the deadline to file a complaint objecting to the dischargeability of debts. None of the Creditors have claimed that they did not receive the Notice. Nor have any of the Creditors claimed they were unaware of the deadline in the Notice. Further, actual receipt of the Notice by the Creditors can be inferred from Cirkinyan's

unrebutted statement that representatives of the Creditors appeared at the 341(a) hearing on March 3, 1995 and questioned him.

Apparently, at some time just prior to the expiration of the deadline for filing a nondischargeability complaint the Creditors retained Philip R. Kaufman, Esq. ("Kaufman"), to file such a complaint. At the hearing on the motion to extend time, Kaufman indicated that he was formally retained on May 1, 1995.

Kaufman states that he prepared the complaint and that he intended to file it on the deadline date of May 2, 1995, on his return from an appearance in state court. Kaufman anticipated that the state court matter would take no more than a half day. Unfortunately, the matter went longer than anticipated and Kaufman was unable to file the motion by the time the bankruptcy clerk's office closed at 4:00 P.M. on May 2, 1995.

Neither the complaint nor the motion to extend time to file the complaint was filed with the court, or served on Cirkinyan on May 2, 1995. However, Kaufman prepared a motion to extend the time to file a dischargeability complaint which he served upon debtor's counsel during the evening of May 2, 1995 by means of facsimile transmission. On May 3, 1995 both the complaint and the motion papers were filed with the bankruptcy clerk's office.

## DISCUSSION

■ The issue before the Court is whether a motion to extend the deadline to file a nondischargeability complaint is timely made if it is served upon the debtor's counsel by facsimile transmission prior to expiration of the deadline, but not filed with the court before the deadline has passed. For the reasons set forth at greater length below, this Court holds that a motion to extend time to file a complaint objecting to the dischargeability of a debt is not timely made unless the motion is filed with the court prior to expiration of the deadline.

As a result of the Court's ruling, the Creditors face the unfortunate consequence that they are now barred from challenging the dischargeability of the debtor's obligations to them. Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 4007(c) requires that the motion be made before the lapse of the sixty day deadline. Further, although Bankruptcy Rule 9006(b)(1) authorizes the court, in its discretion, to permit an act to be done where the failure to act was a result of excusable neglect, subparagraph (b)(3) of the rule provides that any enlargement of time for taking action under Bankruptcy Rule 4007(c) is limited to the extent and under the conditions set forth in the Rules. *In re Biederman,* 165 B.R. 783, 788 (Bankr.D.N.J. 1994). *See also, In re Forte,* 146 B.R. 592, 593–94 (Bankr.D.R.I.1992).

### I. *Timeliness of Motion to Extend Time*

A motion to extend the deadline to object to dischargeability of a debt must conform to the requirements of Bankruptcy Rule 4007(c) which provides as follows:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. **The motion shall be made before the time has expired.** [emphasis added]

The Creditors claim that their motion for an extension of time to file a nondischargeability complaint against Cirkinyan was timely made within the meaning of Bankruptcy Rule 4007(c). Under their interpretation of Bankruptcy Rule 4007(c), a motion is "made," by service of the motion upon the debtor prior to the deadline. The Creditors posit that their interpretation of the rule is sensible because the purpose of the rule's deadline is merely to give a debtor notice of the claim and to give the debtor some certainty regarding what objections have been filed. However, the Creditors do not cite to any authority for the purpose they ascribe to the deadline.

Cirkinyan submits that in order for a motion to extend time to comply with Bankrupt-

cy Rule 4007(c), Creditors must file, not merely serve, their motion prior to the deadline. Therefore, Cirkinyan submits that the Creditor's motion to extend time was not timely made, and therefore must be dismissed.

Relevant case law indicates that like the litigants, courts differ on whether a motion to extend must be filed rather than merely served prior to the deadline, in order to be made. Essentially, two approaches to the issue have developed.

Those courts which hold that a Rule 4007(c) motion is "made" when served rather than "filed," cite to Fed.R.Civ.P. 5 for authority. *See, In re Friscia,* 123 B.R. 9, 10 (Bankr.E.D.N.Y.1991); *In re Coggin,* 30 F.3d 1443, 1448 (11th Cir.1994). They note the language of Fed.R.Civ.P. 5(d), which requires that, "all papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter," and surmise that if filing is required in order for a motion to be "made," Fed.R.Civ.P. 5(d) is meaningless, inasmuch as it allows for filing after service.

The difficulty with the foregoing analysis is that it does not address the fact that a motion to extend is a contested proceeding and that Bankruptcy Rule 9014 governs service of such a motion. In *In re Coggin,* 30 F.3d at 1447, the court held that a motion to extend time under Bankruptcy Rule 4004 is a contested matter. The *Coggin* court reasoned that such a motion is a contested matter since it is opposed by the debtor, yet it is not among the adversary proceedings enumerated in Rule 7001. *Id.* This reasoning applies with equal force to a motion to extend time made pursuant to Bankruptcy Rule 4007(c).

Bankruptcy Rule 9014 specifies that service must be made in compliance with Bankruptcy Rule 7004, which incorporates Fed. R.Civ.P. 4, rather than Fed.R.Civ.P. 5. Fed. R.Civ.P. 4 pertains to the service of a summons and complaint in order to commence an action, and obviously envisions a filing simultaneous with, or prior to, service since the court may only issue a summons, "[u]pon or after filing the complaint." Fed.R.Civ.P. 4(b). Furthermore, in direct contrast to the language of Fed.R.Civ.P. 5(d) which indicates the drafters envisioned filing the pleadings after service, Fed.R.Civ.P. 4(m) specifically contemplates that service occurs after filing as it provides a deadline (120 days) that is computed by reference to the filing of the complaint. Therefore, for purposes of determining the timeliness of a motion which is served but not filed prior to the deadline for "making" a motion, there is a dramatic difference between Fed.R.Civ.P. 4 and Fed. R.Civ.P. 5. Further, it is readily apparent that application of Fed.R.Civ.P. 5 does not dispose of the question of timeliness.

Nor is the Court persuaded by cases which have concluded that because the drafters of the rule used the word "filed" when referring to a complaint and the word "made" when referring to a motion for extension of time in Bankruptcy Rule 4004(b) and Bankruptcy Rule 4007(c), they intended that service, not filing, was all that was necessary to comply with the sixty day time limit these rules impose. *See, In re Adams,* 164 B.R. 58 (N.D.W.Va.1992). *In re Friscia,* 123 B.R. at 9. These courts reason that if the drafters had meant to say "filed" they would have said "filed." One could as easily find, however, that if the drafters intended that a motion is made when "served," they could have said "served." Moreover, it can be readily argued that the use of the term "made" encompasses oral motions made at hearings as well as written motions filed with the Clerk.

The Court finds most persuasive the view that a Rule 4007(c) motion is valid when filed prior to the deadline rather than when served. Upon examination of Rule 4004(b),[1] the Eleventh Circuit, in *Coggin,* 30 F.3d at 1443, reasoned that if mere service on the debtor and the debtor's attorney were sufficient, without filing the motion papers prior to the bar date, the court might enter a discharge unaware that a motion for extension of time had been made. Such a practice

**1.** A Rule 4004(b) motion for extension of time is analogous to a Rule 4007(c) motion. The language of both rules is virtually identical in form.

introduces uncertainty and interferes with the prompt administration of bankruptcy cases. *See also, Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244, 247 (4th Cir.1994) (Rule 4004(b) motion timely where movant filed its motion for enlargement on the last day of the time period). *In re Jeffrey,* 169 B.R. 25, 27 (Bankr.D.Md.1994) (Rule 4007(c) motion is valid when it is filed); *In re Hill,* 811 F.2d 484, 486–87 (9th Cir.1987) (Rule prevents delay by requiring a party to file promptly rather than just prior to the final settlement of the bankruptcy case).

A purpose of the admittedly short time periods for objections under both Bankruptcy Rule 4004 and 4007 is to permit the debtor's fresh start to begin at the earliest date. Manifestly, it is equally important that motions for extensions of time be addressed expeditiously. If service is all that is required, an element of unpredictability creeps into the process and the goal of promptly providing the debtor a fresh start is not met.

Though perhaps not as severely as an objection to discharge, an objection to the dischargeability of a debt impairs a debtor's fresh start, and, therefore, motions to extend the time under either rule should be addressed promptly. This is particularly true where, as here, the objections to dischargeability encompasses almost sixty percent of the debt the Debtor seeks to discharge.

■ Moreover, construing the second sentence of Bankruptcy Rule 4007(c) so that a timely made motion is one that is filed prior to the deadline, results in a fixed and uniform time period that compliments the deadline contained in the first sentence of the subsection. Importantly, a review of the antecedent rule indicates that the rule drafters intended that uniformity and predictability be among the purposes of Bankruptcy Rule 4007(c). Pursuant to former Bankruptcy Rule 409(a)(2) the court had great discretion to set the deadline for filing nondischargeability complaints, which could be as soon as the first date set for the meeting of creditors and as late as ninety days thereafter. 8 Collier on Bankruptcy ¶ 4007.02 at 4007–4 (15th ed. 1995) (citing Former Bankruptcy Rule 409(a)(2)). Further, the former rule gave the court far greater flexibility to ex-

tend the deadline, while the current rule permits such an extension only on motion of a party in interest before the expiration of the deadline. *Id.* Thus, it is evident that a purpose of the present rule is to regularize the manner in which the court considers extensions of the time to object to the debtor's discharge or dischargeability of a debt. That purpose is facilitated by reading the rule to require that, to be timely, a motion must be filed prior to the deadline.

## II. *Manner of Service of Motion*

■ Even assuming, *arguendo,* that service upon the Debtor's attorney satisfied the time constraints of Rule 4007(c), the manner in which the Creditors effected service, i.e., via facsimile transmission, is impermissible. Contrary to the Creditors' assertion, facsimile service is not a proper and effective method of service. Rule 7004 sets forth two venues through which service may properly be performed: by first class mail or pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i) & (d) which allows for service in accordance with state law. Currently, New Jersey law does not recognize facsimile transmission as a permissible method of service. The Comment to N.J. Court Rules, 1969 explains that:

> As to service by fax, the Civil Practice Committee in its 1992 report, 130 N.J.L.J. Index Page 537, 1 N.J.Lawyer 156 (1992), recommended against adoption of a rule permitting routine service by fax on the ground that the use of fax poses mechanical problems such as the preemption by a serving party of the equipment of the served party. In sum it was believed that this remains the technology of the future whose time has yet not arrived. On the other hand the Committee endorsed consensual use of fax as well as court orders permitting fax service in emergent situations.

R. 1:5–2, c. Thus, even if we assume that the Creditors' motion was served to the required persons in a timely fashion, the manner of service, i.e., by facsimile transmission, was clearly inadequate pursuant to N.J.Court Rules made applicable by Fed.R.Civ.P. 4.

### III. *Service On Debtor's Attorney*

 Lastly, the Creditors argue that they effectuated proper service when they served their contested matter motion on debtor's attorney, but not on the debtor personally. Creditors invoke the proposition set forth in *Munsell v. U.S.,* 651 F.Supp. 698 (D.Nev. 1986), that service on an attorney is valid even when made outside of his office and/or after business hours. *Munsell* is not relevant precedent in this instance, however, because *Munsell* involved service governed by Fed.R.Civ.P. 5, not Fed.R.Civ.P. 4. As discussed earlier, service of a contested matter motion must comply with Bankruptcy Rule 7004, which incorporates Fed.R.Civ.P. 4. An examination of the requirements for proper service under Bankruptcy Rule 7004, indicates that service upon a debtor's attorney, but not the debtor personally, is inadequate.

Specifically, Bankruptcy Rule 7004 incorporates Fed.R.Civ.P. 4(a), (b), (c)(2)(C)(i), (d), (e) and (g)–(j) of the former (pre-amended) Rule 4. Applicable to the instant matter is former section 4(c)(2)(C)(i), which allows for service of a summons in compliance with state law, and 4(d), which describes alternative appropriate service. The subparagraph of 4(d) applicable to the instant matter is Rule 4(d)(1), which allows for service of a summons and complaint upon, "an agent authorized by appointment or by law to receive service of process." An attorney is not such an agent, unless defendant specifically designates him as such. *In re Riverfront Food and Beverage Corp.,* 29 B.R. 846, 853 (Bankr. E.D.Mo.1983) ("Even under the notice requirements, of the Federal Rules of Civil Procedure, an attorney is generally not an agent authorized to receive service of process, unless he is expressly or impliedly authorized by his client to do so"). There is nothing which indicates that debtor's attorney was authorized to accept service on behalf of the debtor in this instance, and therefore, Creditor cannot rely on this portion of Fed.R.Civ.P. 4 to validate his method of service.

Similarly, Fed.R.Civ.P. 4(c)(2)(C)(i) does not allow for service solely on debtor's attorney. This subsection refers to state laws, and authorizes service which complies therewith. New Jersey's Civil Practice Rules, R. 4:4–3, et seq., which governs the service of a summons, does not authorize service on an attorney, but not on the client as well. Therefore, Creditors otherwise defective service is not saved by Fed.R.Civ.P. 4(c)(2)(C)(i). Consequently, notwithstanding the other defects in the instant motion, it was improperly served upon the debtor, and is untimely for this reason as well as the others discussed *supra.*

### *Conclusion*

For the foregoing reasons, the Creditors' motion to extend time to file a dischargeability complaint is hereby denied, and the complaint is dismissed as untimely.