In re Garabet CIRKINYAN, Debtor.

PHILMAR JEWELERS, INC., A.S.K. Co., Bijan Fine Jewelry, Fabrikant & Sons, Inc., Blauweiss/Berkowitz, Monaco Imports, Finest Castings, Jeff Greenwald, Inc., Leon Dimstron Co., Inc., Abest Import Corp., and Namdar Sons, Plaintiffs,

v.

Garabet CIRKINYAN, Defendant.

Civ. No. 95–6216.

United States District Court,
D. New Jersey.

Feb. 27, 1996.

Phillip R. Kaufman, Edison, New Jersey, for Plaintiffs–Appellants.

Ronald I. LeVine, Ryan A. Schreiber, Hackensack, New Jersey, for Defendant–Appellee.

## OPINION

WALLS, District Judge.

This matter comes before the Court on appeal from a decision of the Bankruptcy Court, and raises three difficult procedural issues.

### BACKGROUND

On January 26, 1995, defendant-appellee Garabet Cirkinyan, who had been a diamond setter, filed for relief under Chapter 7 of the Bankruptcy Code. The creditors, Philmar Jewelers, Inc., A.S.K. Co., Bijan Fine Jewelry, Inc., Fabrikant & Sons, Inc., Blauweiss/Berkowitz, Monaco Imports, Finest Castings, Jeff Greenwald, Inc., Leon Dimstron Co, Inc., Abest Import Corp., and Namdar Sons, Inc., who are the plaintiffs-appellants of this action, assert that gold and diamonds provided to Cirkinyan by them on consignment, worth $141,264.00, were pawned by him. The creditors are seeking to declare these debts non-dischargeable pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6).

All creditors received the Notice of Commencement of No Asset Case ("Notice"), which identified May 2, 1995 as the deadline to file a complaint objecting to the discharge of any debts. According to Phillip R. Kaufman, Esq. ("Kaufman"), the attorney hired by the creditors, he was formally retained on May 1, 1995. Kaufman asserts that he intended to file the complaint on May 2, 1995, but was delayed in state court and consequently arrived at the courthouse after the clerk's office was closed.

Although he did not file the complaint, he prepared a motion to extend time to file and faxed it to debtor's counsel on the evening of May 2, 1995. On May 3, 1995, both this motion as well as the complaint were filed.

The motion was heard by the Bankruptcy Court on June 5, 1995. On September 8, 1995, it issued an Order denying the motion to extend the time for filing and dismissing the complaint.

Plaintiffs appeal this Order, and seek a reversal on three grounds: 1) that plaintiffs "made" the motion when opposing counsel was served, and thus the Bankruptcy Court erred by concluding that the motion was out of time; 2) that service via facsimile was proper; and 3) that service on opposing counsel alone constituted sufficient service.

### DISCUSSION

### I. THE MAKING OF A MOTION UNDER 4007(C)

Bankruptcy Rule 4007(c) [1] states:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The Court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. *On motion of any party in interest, after hearing on notice, the Court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.*

(emphasis added). The narrow legal issue before the Court, requiring de novo review,[2] is what the word "made" in the last sentence of Rule 4007(c) means.[3]

The Third Circuit has not addressed this issue, and there is no uniformity of conclusions among those courts which have. The creditors urge this Court to follow the rule espoused by a majority of courts that a motion to extend time to file a complaint under Rule 4007 is "made" when it is served upon parties, or where permitted, their counsel; as long as the motion is served before the time has expired and filed within a reasonable time thereafter, the motion is timely. *See, e.g., In re Friscia*, 123 B.R. 9, 11 (Bankr. E.D.N.Y. 1991); *In re Adams*, 164 B.R. 58, 59 (N.D.W.Va.1992). The debtor contends, and the Bankruptcy Judge held, that the appropriate rule, which was adopted by the Eleventh Circuit in *In re Coggin*, 30 F.3d 1443, 1447 (11th Cir.1994), is that a motion is "made" when it is filed with the court; accordingly, the creditors' motion to extend time to file their complaint was untimely and was properly dismissed.

Those courts which follow the "serve" rule have relied on the text of Rule 4007(c), which reads that a "complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be *filed* ...," whereas a motion to extend time "shall be *made*." The argument is that the drafters were explicit when they wanted something to be filed; thus, that the rule calls for motions to be "made," rather than "filed," reveals that the former, in this context, does not denote "filed," but rather "served." *See Friscia*, 123 B.R. at 11 (quoting *In re Mancini*, 1986 WL 28905 (Bankr.S.D.N.Y. March 26, 1986)). The other argument principally advanced for the "serve" rule is that "'move' commonly demands only service, not filing," and that, without evidence suggesting the contrary, the drafters should be presumed to have intended the words chosen to have their ordinary meaning. *Adams*, 164 B.R. at 59.

The Eleventh Circuit, in *In re Coggin*, 30 F.3d at 1448, upon which the Bankruptcy Judge relied, explicitly rejected the holdings of *Friscia* and *Adams*. There, the Court relied upon Collier on Bankruptcy:

---

**1.** All citations of "rules" refer to Bankruptcy Rules, unless specified otherwise.

**2.** Bankruptcy courts' conclusions of law are subject to de novo review. *See Universal Minerals, Inc. v. C.A. Hughes and Co.*, 669 F.2d 98, 102 (3d Cir.1981).

**3.** This inquiry is necessary because bankruptcy courts do not have discretion "to grant a late filed motion to extend time to file a dischargeability complaint." *See, e.g., In re Friscia*, 123 B.R. 9, 10 (Bankr.E.D.N.Y.1991) (quoting *In re Maher*, 51 B.R. 848, 852 (Bankr.N.D.Iowa 1985)).

Broadly speaking, proceedings in bankruptcy cases can be divided into: (1) adversary proceedings, governed by Part VII of the Bankruptcy Rules; (2) administrative matters in which there is no adversary party (for example, an unopposed motion by a trustee to sell property of the estate); and (3) contested matters, which do not qualify as adversary proceedings because they are not defined as such by Rule 7001 but which, nevertheless, resemble adversary proceedings in that there are two parties who are opposing each other with respect to relief sought by one of them. 9 Collier on Bankruptcy Para. 9014.03 (15th ed. 1994) (footnote omitted). The Court concluded that a motion to extend time fits most comfortably within the third category—"contested matters"—and consequently Rule 9014 applies. That Rule provides that contested matters not otherwise governed by these rules must be made by motion and on notice, and must be served consistent with Rule 7004, which prescribes the method of service for summons and complaints. Rule 7004 incorporates Fed.R.Civ.P. 4, which requires that papers be filed with the court before or at the same time service is made upon the parties. Therefore, motions to extend time must be filed, rather than served, within the relevant limitations period to permit bankruptcy courts to consider them.

This issue has proved difficult to resolve because the meaning of the term "made" in Rule 4007(c) is unclear, and litigants and courts which construe it can not actually determine what the drafters had in mind. Indeed, as the debtor's counsel conceded at oral argument, this ambiguity reflects a defect in the statute and raises an issue which was probably not contemplated when the Rule was drafted.

■ Nevertheless, this Court has the task of choosing from two convincing interpretations. And though this may appear to be a purely procedural controversy, hidden just below the surface are the merits: the rule adopted by the Bankruptcy Court assured that the debts in dispute would be discharged without an opportunity for challenge by the creditors. As a general matter, however, procedural rules should be interpreted in favor of permitting the merits of claims to be heard. *Cf. Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities"). The decisions of the various courts which have addressed Rule 4007(c) reflect this idea, for regardless of the conclusion reached by each court, the creditor has prevailed and was afforded an opportunity to present his claim. *See, e.g., In re Adams,* 164 B.R. at 59 ("made" held to mean "served" where creditor served motion before the 60 day period had elapsed but filed it afterward); *In re Friscia,* 123 B.R. at 11 (same); *In re Coggin,* 30 F.3d at 1451 ("made" held to mean "filed" where creditor filed motion before 60 day period had elapsed but served it afterward). But while a court may try to do "justice" in the case before it, the general rule which permits justice in the individual case may foster seemingly unjust results in the cases which follow. Yet this Court can plainly see why the other courts which have addressed this issue have invariably adopted the rule which permitted the creditor in the case before it to prevail. It seems unfair to adopt a rule which denies a creditor the chance to have the substance of a claim addressed where the creditor relied upon a plausible interpretation of a procedural rule and where the meaning of that rule had never been resolved by a binding authority. Once the rule is established in a particular case, all others who follow are on notice and may fairly be held to it, even when its application prohibits the presentation of the merits of a claim.

Admittedly, this Court is also moved by these considerations, and consequently concludes that the "serve" rule is appropriate. But, two other arguments also persuade that the "serve" rule should be adopted. First, it seems to this Court that deeming motions to extend time to file adversary complaints as "made" upon service rather than upon filing will permit more dischargeability claims to be heard on the merits. *See, e.g., In re Adams,* 164 B.R. at 59. This conclusion is based partly on the fact that most of the

cases which have addressed this issue have done so in the context presented here—namely, the creditor serves the motion before the deadline but files it afterward.

The other consideration which persuades this Court to hold that motions under Rule 4007(c) need only be served within the sixty day period to be timely is that the textual analysis which leads to this conclusion is more straightforward than that needed to reach the opposite conclusion. The latter requires that a distinction be drawn between the making of a motion to extend time to file an adversary complaint and the filing of the adversary complaint itself—the former is a contested matter, governed by certain rules, whereas the latter is an adversary proceeding governed by different rules. However, both are contained in the same provision regarding adversary proceedings, and, at least to this Court, properly fall within the general rubric of adversary proceedings. The issue here does not concern disembodied "motions to extend time," but rather motions to extend the time to file an adversary complaint. In addition, the adherents of the "filed" rule have, this Court believes, too rigidly relied upon Collier's general statements concerning the tripartite nature of the Bankruptcy Code. While Collier's provides a helpful conceptual framework for navigating the Code, it is not binding authority. Nor does it serve as a substitute for textual analysis.

The reasoning employed to reach the "served" rule, on the other hand, is simpler, cleaner, and less circuitous. Within Rule 4007(c) complaints must be "filed" while motions to extend time to file those complaints need only be "made." If the drafters intended motions to be "filed" they could have said so explicitly, as they had done two sentences before. Furthermore, this rule is more "user friendly." It does not require litigants to parse every rule, decide which of Collier's three types of proceedings are implicated, and then apply the relevant rules. Instead, because the authority of bankruptcy courts to entertain motions to extend time to file an adversary complaint derives from the rule regarding the filing of complaints to initiate adversary proceedings, the rules pertaining to adversary proceedings in general should apply in both instances.

Accordingly, motions under Rule 4007(c) to extend time to file complaints are "made" when they are served rather than when they are filed.

## II. THE VALIDITY OF SERVICE ON DEBTOR'S ATTORNEY

■ The creditors contend that the method of service of a motion to extend time to file an adversary complaint is stated in Rule 7005—which incorporates Fed.R.Civ.P. 5—which governs service and filing of papers other than complaints in adversary proceedings. Under Fed.R.Civ.P. 5, service need only be made upon the opposing party's counsel. The debtor maintains that the making of a motion under Rule 4007(c) is a contested matter and is therefore governed by Rule 7004—which incorporates Fed. R.Civ.P. 4—providing for service of summons and complaints. Under Fed.R.Civ.P. 4, service may be effected only upon the party or the party's designated agent.

The Court, however, has rejected the debtor's argument that motions to extend time under Rule 4007(c) are contested matters. Because motions to extend time to file complaints to initiate adversary proceedings are part of the adversary proceeding itself, service is governed by Rule 7005 (incorporating Fed.R.Civ.P. 5). Under this Rule a motion need only be served on opposing counsel.

## III. THE VALIDITY OF SERVICE BY FAX

■ The Bankruptcy Court held that, independent of when or upon whom service of this motion was made, the creditors' motion could not be entertained because it was served via facsimile, an impermissible method. *In re Philmar,* 186 B.R. 878, 882 (Bankr.D.N.J.1995). It reasoned that Rule 7004 permits service by first class mail or pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i) & (d) which allow for service in accordance with state law. *Id.* And because New Jersey law does not recognize service by fax, the creditors' motion was defective. The debtor urges that this position be adopted. The creditors contend that Rule 7005 governs,

and though this rule does not explicitly provide for service by fax, service should be considered effective where, as here, opposing counsel received a complete and legible copy of the motion papers within the time set by the court.

The Court has already found that motions to extend time to file adversary complaints are part of the adversary proceeding and consequently are governed by Rule 7005. Rule 7005 incorporates Fed.R.Civ.P. 5, which calls for service to be made on opposing counsel by personal delivery or by mail. Fed.R.Civ.P. 5(b). Neither the Bankruptcy Rules nor the Federal Rules of Civil Procedure explicitly acknowledge or permit, in this context, service via fax. Nevertheless, this Court concludes that in this case, service by fax was effective and that the creditors' motion was timely made.

 As an initial matter, both parties acknowledge that counsel for the debtor received a complete and legible copy of the creditors' motion papers within time. Indeed, "when several pages did not come through, they were refaxed at [the debtor's counsel's] request and he acknowledged then that the papers were complete and legible." Brief for Creditors at 12. Moreover, under Fed.R.Civ.P. 5(b), service by mail is complete upon mailing. Had creditor's counsel mailed to debtor's counsel a copy of the moving papers that evening rather than faxed them, service would have been timely. To deem service improper when complete, legible papers were actually received, but proper when they were mailed but received after the limitations date, is absurd. Lastly, the analogous New Jersey Court Rule, R. 1:5–2, does not permit service by fax, as the advisory committee notes make clear. Pressler, 1996 N.J. Court Rules, Comment R. 1:5–2. However, those same notes state that "consensual use of fax" is permitted. While this Rule is inapplicable here, the principle of consensual use of fax seems appropriate; while the Rules may not specifically permit service via fax, the parties may agree among themselves how service may be effectuated. Cf. Bankruptcy Rule 9036. In this case, debtor's counsel requested that certain pages be refaxed because the original copy sent was illegible. Such action by debtor's counsel formed consent to the use of fax to receive service. It was knowing and voluntary acceptance of service: it was neither implied nor constructive, but actual. Had debtor's counsel objected, creditor's counsel could have gone to the post office and sent copies off that evening—and that would clearly have constituted timely and effective service.

Accordingly, the creditors' motion to extend time to file their adversary complaint was properly before the Court, and the judgment of the Bankruptcy Court is reversed. The case is remanded to the court below to determine whether cause to extend the time to file the complaint under Rule 4007(c) exists.

### CONCLUSION

For the reasons stated, the decision of the Bankruptcy Court is reversed, and the action is remanded.